UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

CESAR R. DIAZ,

    Petitioner,

vs.

GREG LEWIS,

    Respondent.

No. C 15-1438 NJV (PR)

**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS AND DENYING CERTIFICATE OF APPEALABILITY**

This is a petition for writ of habeas corpus brought pro se by a state prisoner pursuant 28 U.S.C. § 2254. Respondent filed a motion to dismiss on the ground that the petition is barred by the statute of limitations. (Doc. 8.) Petitioner opposes the motion. (Doc. 14.) For the reasons that follow, the motion is granted.

## DISCUSSION

**Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), imposed for the first time a statute of limitations on petitions for writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (A) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (B) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (C) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the factual predicate of the claim could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. *Id.* § 2244(d)(2).

**Background**

Petitioner pleaded no contest to several counts and on November 9, 2007, was sentenced to seven years to life in prison. Motion to Dismiss ("MTD") at 12. Petitioner did not directly appeal and the time to do so expired on January 8, 2008, sixty days after the judgment. *See Mendoza v. Carey*, 449 F.3d 1065, 1067 (9th Cir. 2006) (because California prisoner did not appeal his conviction, process of direct review became final 60 days after conviction); Cal. Rule of Court 8.308(a). Thus, petitioner's one-year limitations period expired on January 8, 2009. *See* 28 U.S.C. § 2244(d)(1). This federal petition, filed on March 4, 2015, is untimely absent tolling.[1]

Petitioner filed the following state habeas corpus petitions:

On January 15, 2009, petitioner filed a habeas corpus petition in the Santa Clara County Superior Court. Petition, Docket No. 1-4 at 40. The petition was denied on February 18, 2009. MTD, Ex. A.

On March 17, 2009, petitioner filed a habeas corpus petition in the California Court of Appeal that was denied on March 23, 2009. MTD, Ex. B.

On April 9, 2009, petitioner filed a habeas corpus petition in the California Supreme Court that was denied on August 19, 2009. MTD, Ex. C.

On July 26, 2012, petitioner filed a second habeas corpus petition in the Santa Clara County Superior Court. Petition, Docket No. 1-4 at 40. The superior court issued an order to show cause and held an evidentiary hearing. *Id.* at 39-55. The petition was denied on December 23, 2013. *Id.*

On March 17, 2014, petitioner filed a second habeas petition in the California Court

---

[1] The court affords petitioner application of the mailbox rule as to all his habeas filings. *Houston v. Lack*, 487 U.S. 266, 275-76 (1988) (pro se prisoner filing is dated from the date prisoner delivers it to prison authorities).

2

of Appeal that was denied on July 28, 2014.  MTD, Ex. D.

On October 10, 2014, petitioner filed a second habeas corpus petition in the California Supreme Court that was denied on January 14, 2015, with citation to *In re Robbins*, 18 Cal. 4th 770, 780 (1998) and *In re Clark*, 5 Cal. 4th 750, 763 79 (1993).  MTD, Ex. E.

Petitioner filed this federal petition on March 4, 2015.

**Analysis**

As discussed above, petitioner's one-year limitations period expired on January 8, 2009.  Petitioner is not entitled to statutory tolling for any of the first round of state habeas corpus petitions because they were filed after the expiration of the statute of limitations. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely filed).  Even if petitioner were to receive tolling for the entire first round of habeas petitions that ended on August 19, 2009, this federal petition, filed on March 4, 2015, would still be untimely.

Petitioner argues that he should receive a later start of the statute of limitations pursuant to 28 U.S.C. § 2244(d)(1)(D), when the factual predicate of his claim could have been discovered through the exercise of due diligence.  Petitioner pleaded no contest and was sentenced to seven years to life in prison.  Petitioner states that he believed his sentence was seven years and he was unaware that his sentence meant that he had to serve a minimum of seven years and then could be released at some point later by a decision of the parole board.  He states that counsel told him it was a seven-year sentence and he was unaware that he might serve more than seven years.  He contends that he became aware of this when he spoke to a prison official in February 2012.

Under § 2244(d)(1)(D), the one-year limitations period starts on the date on which "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  The time begins "'when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance.'"  *Hasan v. Galaza*, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) (quoting *Owens v.*

3

*Boyd*, 235 F.3d 356, 359 (7th Cir. 2000)). "Due diligence does not require the maximum feasible diligence, but it does require reasonable diligence in the circumstances." *Ford v. Gonzalez*, 683 F.3d 1230, 1235 (9th Cir. 2012) (internal quotation marks omitted). Petitioner need only demonstrate when a reasonable investigation would have uncovered the "newly discovered" facts. *See United States v. Battles*, 362 F.3d 1195, 1198 (9th Cir. 2004) (§ 2255 petition) (even though petitioner did not have access to trial transcripts, the facts supporting claims which occurred at the time of his conviction could have been discovered if he "at least consult[ed] his own memory of the trial proceedings";  because he did not do so, he did not exercise due diligence and was not entitled to a delayed start of the limitations period under § 2255(4)).

   Section 2244(d)(1)(D) does not apply in this case because there is no reason to believe that "vital facts could not have been known by" the accrual date under section 2244(d)(1)(A). *Ford*, 683 F.3d at 1235. The record demonstrates that in 2007, when petitioner pleaded no contest, he was aware of the length of his sentence. The transcripts reflect that the trial judge on multiple occasions stated that petitioner was pleading guilty to a term of seven years to life, and petitioner responded that he understood. Petition, Docket No. 1-3 at 17, 20. At sentencing, also in 2007, petitioner was again informed on multiple occasions that his sentence was seven years to life. *Id.* at 32-33. That petitioner may not have recognized the legal significance of these facts does not entitle him to a later start date of the statute of limitations, *Hasan*, 254 F.3d at 1154 n.3, and he could have learned this information using due diligence at an earlier time.

   Moreover, it appears that petitioner was aware of the possibility of a longer sentence prior to February 2012. Petitioner presented this same argument to the Santa Clara County Superior Court in December 2012. The superior court appointed an attorney for petitioner and held an evidentiary hearing. The superior court noted that in a September 2009 letter to his attorney, petitioner referred to his "life" sentence and compared his "7 to life" sentence to one of "9 years total no life attached." Petition, Docket No. 1-4 at 48. The superior court noted that in an earlier 2009 habeas petition, petitioner answered several questions on the form petition regarding his sentence. Responding to a questions about

4

his sentence, he wrote "7 years to life," and when responding to a question about when he expected to be released, he wrote "never." *Id.* Petitioner also stated in the body of the 2009 habeas petition, "If Petitioner served the minimum time, for example, 7 years of his 7 to life sentence before being paroled . . ." and " . . . after he is eventually released from prison, if ever he is at all." *Id.* (omission in original). The superior court stated, "[n]one of these statements is consistent with a person who believes that his 7 to life sentence means automatic released in 7 years." *Id.* The superior court also credited the testimony of petitioner's trial counsel, who refuted petitioner's allegations that he was unaware of the sentence, and the court found that petitioner's testimony and evidence lacked credibility. *Id.* at 47-49.[2] These findings are presumed correct unless rebutted by clear and convincing evidence, which petitioner has failed to provide. *See* 28 U.S.C. § 2254(e)(1); *Gonzalez v. Pliler*, 341 F.3d 897, 903 (9th Cir. 2003).

For all these reasons, petitioner is not entitled to a later start of the statute of limitations. *See Johnson v. Lewis*, 310 F. Supp. 2d 1121, 1126 (C.D. Cal. 2004) (Section 2244(d)(1)(D) inapplicable when "petitioner's own state court records establish that he was well aware of the 'factual predicate' for his pending claims . . . before the . . . limitations period began to run"). This petition is untimely.

## CONCLUSION

Respondent's motion to dismiss (Docket No. 8) is **GRANTED** for the reasons discussed above. The petition is **DISMISSED**. The clerk shall close the file.

## APPEALABILITY

The federal rules governing habeas cases brought by state prisoners require a district court that enters a final order adverse to the petitioner to grant or deny a certificate of appealability ("COA") in the order. *See* Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254.

A petitioner may not appeal a final order in a federal habeas corpus proceeding

---

[2] Nor did the state court credit petitioner's assertion that he was a special education student who did not understand his attorney or the proceedings.

without first obtaining a certificate of appealability.  *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).  Section 2253(c)(1) applies to an appeal of a final order entered on a procedural question antecedent to the merits, for instance a dismissal on statute of limitations grounds, as here.  *See Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

"Determining whether a COA should issue where the petition was dismissed on procedural grounds has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding."  *Id.* at 484-85.  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Id.* at 484.  As each of these components is a "threshold inquiry," the federal court "may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments."  *Id.* at 485.  Supreme Court jurisprudence "allows and encourages" federal courts to first resolve the procedural issue, as was done here.  *See id.*

Here, the court declines to issue a COA regarding the procedural holding or the underlying claims because reasonable jurists would not find the court's findings debatable.  The court therefore **DENIES** a COA.

**IT IS SO ORDERED.**

Dated: November 30, 2015.

_____
NANDOR J. VADAS
United States Magistrate Judge